UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

B. UNITED INTERNATIONAL INC.,

        Plaintiff,

-against-

BRASSERIE D'ACHOUFFE S.A.,

        Defendant.

------------------------------------------------------------ x

JUDGE DANIELS

07 CV 3655

Civ. No. _____

**NOTICE OF REMOVAL**



RECEIVED MAY 08 2007 U.S.D.C. S.D.N.Y. CASHIERS

        Defendant Brasserie d'Achouffe S.A. ("d'Achouffe"), by its attorneys McDermott Will & Emery LLP, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, d'Achouffe alleges as follows:

        1.     This action was commenced against d'Achouffe in the Supreme Court of the State of New York, County of New York, with the filing of a Summons and Verified Complaint on April 23, 2007. A copy of the Summons and Verified Complaint are attached hereto as Exhibit A.

        2.     On or about April 24, 2007 the summons and complaint was served on d'Achouffe. No further proceedings have occurred in the action.

        3.     This notice of removal is filed within 30 days after d'Achouffe received the Summons and Complaint and is timely pursuant to 28 U.S.C. § 1446(b).

4. d'Achouffes's time to answer or otherwise move with respect to the Summons and Complaint has not yet expired.

5. The Complaint alleges that plaintiff B. United International Inc. is a domestic corporation organized and existing under the laws of the State of New York with offices located at 15 John Todd Way, Redding, Connecticut.

6. The complaint further alleges that the matter in controversy in this action exceeds the sum of one million dollars ($1,000,000.00).

7. d'Achouffe is a corporation organized and existing under the laws of Belgium, with its principal place of business at Rue du Village 32, 6666 Achouffe, Belgium.

8. Accordingly, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(2) because there exists complete diversity of citizenship and the matter in controversy in this action exceeds the sum of $75,000, exclusive of interests and costs. This action therefore may be removed to this Court by d'Achouffe pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, d'Achouffe respectfully requests that this action now pending in the Supreme Court of the State of New York, County of New York be removed therefrom to this Court.

Dated: New York, New York
      May 8, 2007

McDERMOTT WILL & EMERY LLP

By: _____
Andrew B. Kratenstein (AK-3910)

*Attorneys for Defendant*
*Brasserie d'Achouffe S.A.*

340 Madison Avenue
New York, New York 10173-1922
(212) 547-5400

Of Counsel:
Marc E. Sorini
McDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
B. UNITED INTERNATIONAL INC.,

                Plaintiff,

-against-

BRASSERIE D'ACHOUFFE S.A.,

                Defendant.
------------------------------------------------------------X

Index No. 07601321
Date Purchased:

Plaintiff designates
New York County as
the place of trial
The basis of venue is
Plaintiff's place of business

**SUMMONS**

Plaintiff's Address:
15 John Todd Way
Redding, Connecticut

*To the above named defendant(s)*

        YOU ARE HEREBY SUMMONED to answer the complaint of the plaintiff in this action and to serve a copy of your answer, or notice of appearance, on the plaintiff's attorney, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete, if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: April 20, 2007

                                        ETTELMAN & HOCHHEISER, P.C.

                                        By: _____
                                           Gary Ettelman
                                           Attorneys for Plaintiff
                                           100 Quentin Roosevelt Blvd.
                                           Garden City, NY 11530
                                           (516) 227-6300

Defendant's Address:

Rue du Village 32
6666 Achouffe, Belique
Belgium

F:\B. United International\Summons.doc

[FILED APR 23 2007 NEW YORK COUNTY CLERK'S OFFICE]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
B. UNITED INTERNATIONAL INC.                    Index No.

                      Plaintiff,
- against -                                     **VERIFIED COMPLAINT**

BRASSERIE D'ACHOUFFE S.A.                       07601321

                      Defendant.
-----------------------------------------------------------------x

        Plaintiff B. UNITED INTERNATIONAL INC. ("B. United" or "Plaintiff") by its attorneys Ettelman & Hochheiser, P.C., complaining of the defendant Brasserie d'Achouffe S.A. ("d'Achouffe" or "Defendant") alleges as follows:

        1.     Plaintiff is a domestic corporation organized and existing under the laws of the State of New York with offices located at 15 John Todd Way, Redding, Connecticut.

        2.     Upon information and belief, at all times complained of herein, Defendant, Brasserie d'Achouffe S.A. was and is a foreign corporation, duly organized and existing under the laws of Belgium, and having its principle place of business at Rue du Village 32, 6666 Achouffe, Belique.

        3.     Plaintiff is in the business of importing world classic and international malt beverage products ("Beer"). Plaintiff has a general importer license issued by the State of Connecticut and pursuant to that license permitted to import distilled spirits, wine and beer in the United States.

        4.     Defendant is a Belgian brewery in the business of manufacturing beer.

        5.     By letter agreement dated December 10, 1999 d'Achouffe appointed B. United as its exclusive United States importer to import La Chouffe, Mc. Chouffe, Biere de Mars, Chouffe, Biere du Soleil, Chouffe Bok and Chouffe N'Ice (collectively the "Products")

and authorized B. United to select and appoint beer distributors and wholesalers for the Products and to assign territories in the United States.

6. A significant portion of Plaintiff's sales are to wholesalers located in the State of New York.

7. In 2005, B. United created a new product, "Houblon Chouffe Dobbelen IPA Triple," ("Houblon Chouffe") based upon a recipe developed by B. United to create a beer with a new aroma, flavor, and taste.

8. At the end of 2005, B. United approached d'Achouffe and requested that d'Achouffe brew Houblon Chouffe pursuant to B. United's specifications and d'Achouffe agreed.

9. d'Achouffe agreed to manufacture Houblon Chouffe exclusively for B. United.

10. Thereafter, B. United designed and created the label which was to be used by d'Achouffe for the Houblon Chouffe product.

11. In March 2006, B.United launched Houblon Chouffe in the United States with great financial success.

12. In addition, in 2006 B. United completely redesigned the labels used by other d'Achouffe for the Products. The new labels for the Products were launched by Defendant in the fall of 2006.

13. Upon information and belief, in or about September 2006, the owners of d'Achouffe sold their brewery to Duvel-Mortgatt NV, another Belgian brewery. However, upon information and belief, the brewery is presently being operated as d'Achouffe.

14.   On or about March 7, 2007, d'Achouffe notified B. United that it was terminating its relationship with B. United, effective June 30, 2007. This purported termination was without cause.

## AS AND FOR A FIRST CAUSE OF ACTION
(Violation of Connecticut Franchise Act - Connecticut General Statutes §42-133e through 42-133g)

15.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 13 hereof with the same force and effect as if fully set forth herein.

16.   Upon information and belief, as Plaintiff is the exclusive importer for Defendant's Products, Plaintiff's business is substantially associated with Defendant's business and is therefore considered a franchise under the Connecticut General Statute §42-1333e (the "Connecticut Franchise Act").

17.   Defendant terminated its agreement with Plaintiff without cause, and therefore, has violated the Connecticut Franchise Act.

18.   By reason of such wrongful termination plaintiff has been damaged in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Connecticut Unfair Trade Practices Act - Connecticut General Statute 42-110g)

19.   Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 18 hereof with the same force and effect as if fully set forth herein.

20.   Upon information and belief, Defendant's unlawful termination of Plaintiff pursuant to the Connecticut Franchise Act offends the public policy of the State of Connecticut to promote fairness among businesses behind the franchise act and therefore violates Section 42-110b of the Connecticut General Statutes.

21. By reason of such wrongful conduct Plaintiff is entitled to recover compensatory damages in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00), punitive damages and reasonable attorneys' fees pursuant to Connecticut's Unfair Trade Practices Act.

### AS AND FOR A THIRD CAUSE OF ACTION
(Promissory Estoppel)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 21 hereof with the same force and effect as if fully set forth herein.

23. Commencing from 2005, Defendant both expressly and impliedly represented to the Plaintiff that Defendant would continue to recognize Plaintiff as the exclusive importer for the Products in exchange for certain financial commitments by Plaintiff, including, without limitation, developing and redesigning labels for the Products, spending time and money in advertising and marketing the Products, and refraining from carrying competitive products, and would not terminate Plaintiff without good cause.

24. In reliance on Defendant's representations, Plaintiff undertook, at great time and expense, all of the actions requested by Defendant, developing new artwork, labels, marketing and advertising expenses in addition to building the market for the Products.

25. At all times complained of, Plaintiff has performed all of its duties and obligations under its agreement with Defendant.

26. As a result of the foregoing Defendant should be estopped from terminating Plaintiff as its exclusive United States importer for the Products.

27. Defendant, without cause, and in violation of the Connecticut Franchise Act and Connecticut Unfair Trade Practices Act, terminated Plaintiff as its exclusive United States importer for the products.

28. As a result of Defendant's breach plaintiff has been damaged in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Unfair competition/Conversion of Intellectual Property and Good Will)

29. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 28 with the same force and effect as if fully set forth herein.

30. Prior to the appointment of B. United as the exclusive importer of the Products in the United States, Defendant's sale of the Products in the United States were minimal.

31. As a result of B. United's efforts, B. United developed the good-will and customer base of the Products in the United States for approximately ten years and grew the sales of Products nearly fifty-fold.

32. The name d'Achouffe is substantially associated with Plaintiff's name in the industry.

33. Import rights and good will are recognized as intangible assets – intellectual property rights under law.

34. By reason of, among other things, the good-will established by Plaintiff and the investment of time and money by Plaintiff over a period of approximately ten years in creating the market for the Products in the United States, Plaintiff's intellectual property rights consisting of the import rights to the Products in the United States became very valuable.

35. As the owner of such intellectual property rights Plaintiff was solely entitled to the unrestricted, unencumbered use, enjoyment and value of such rights.

36. As the owner of intellectual property rights Plaintiff is entitled to compensation for the infringement of such rights.

37. By terminating and/or refusing to recognize Plaintiff's exclusive import rights, Defendant has illegally taken the good-will away from Plaintiff without any compensation to Plaintiff.

38. In addition, by refusing to sell the Products to Plaintiff and granting the right to import the Products in the United States to one or more third parties, Defendant has misappropriated Plaintiff's intellectual property rights.

39. By reason of the foregoing, Plaintiffs have been damaged in an amount to be determined at trial, but not less than One Million Dollars ($1,000,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

40. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 39 with the same force and effect as if more fully set forth at length herein.

41. Defendant breached the covenant of good faith and fair dealing contained in every contract, by terminating Plaintiff without just cause and without proper notice, by inducing Plaintiff to create substantial good-will and value in the Products in the United States and then taking away the import rights without compensation.

42. By reason of Defendant's breach of covenant of good faith and fair dealing, Plaintiff has been damaged in an amount to be determined at trial, but not less than in the amount of One Million Dollars ($1,000,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Declaratory Relief)

43. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 42 hereof with the same force and effect as if fully set forth at length herein.

44. Plaintiff created the Houblon Chouffe product as well as intellectual property associated with the Houblon Chouffe Product including the trademarks, recipe, and label associated with this product.

45. Plaintiff is the sole and exclusive owner of the Houblon Chouffe product, and has the sole and exclusive right to manufacture and sell the Houblon Chouffe product.

46. Defendant has manufactured Houblon Chouffe at the request of Plaintiff, however, Defendant has not ownership interest in the Houblon Chouffe brand.

47. Upon information and belief, customers of the Houblon Chouffe product associate Plaintiff as the owner of this product.

48. A declaration that Plaintiff is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product is necessary to prevent immediate adverse legal consequences to Plaintiff.

49. By reason of the foregoing, Plaintiff is entitled to a declaration that Plaintiff is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product and Defendant does not have any right to manufacture or sell this product other than as a result of its agreement with Plaintiff.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Declaratory Relief)

50. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 49 hereof with the same force and effect as if fully set forth at length herein.

51. Houblon Chouffe was created as a result of a joint venture between Plaintiff and Defendant.

52. Plaintiff contributed to the joint venture the recipe for Houblon Chouffe, and the design for the label of this product, the design for glassware, marketing, advertising and sales efforts.

53. Defendant contributed to the joint venture the manufacturing of Houblon Chouffe.

54. As a joint venture partner, Defendant owed to Plaintiff a fiduciary duty not to interfere with or take any action contrary to the best interest of the joint venture.

55. Upon information and belief, without Plaintiff's knowledge or consent, Defendant purported to sell its right to manufacture and distribute such product to Duval-Mortgatt NV.

56. Defendant's purported sale was a breach of its fiduciary duty to its joint venture partner,

57. A declaration that Plaintiff and Defendant as a joint venture is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product is necessary to prevent immediate adverse legal consequences to Plaintiff.

58. By reason of the foregoing, Plaintiff is entitled to a declaration that Plaintiff and Defendant as a joint venture is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product and Defendant alone has no ownership rights to manufacturer or sell this product.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Permanent Injunction)

59. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 58 above with the same force and effect as if fully set forth herein.

60. Upon information and belief, if Defendant is permitted to manufacture and sell the Houblon Chouffe product to any entity, other than Plaintiff, Plaintiff will suffer irreparable harm.

61. Plaintiff has no adequate remedy at law.

62. By reason of the foregoing, Plaintiff is entitled to a permanent injunction enjoining Defendant from manufacturing and selling Houblon Chouffe to any entity other than Plaintiff.

### AS AND FOR AN NINTH CAUSE OF ACTION
(Permanent Injunction)

63. Plaintiff repeats and realleges each and every allegation set forth in Paragraphs 1 through 62 above with the same force and effect as if fully set forth herein.

64. Upon information and belief, if Defendant is permitted to terminate Plaintiff as the importer for the Products Plaintiff will suffer irreparable harm.

65. Plaintiff has no adequate remedy at law.

66. By reason of the foregoing, Plaintiff is entitled to a permanent injunction enjoining Defendant from terminating Plaintiff as an importer for the Products.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(i) pursuant to the First Cause of Action in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00);

(ii) pursuant to the Second Cause of Action in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00), together with punitive damages to be determined at trial, and reasonable attorneys' fees;

(iii) pursuant to the Third Cause of Action in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00);

(iv) pursuant to the Fourth Cause of Action in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00);

(v) pursuant to the Fifth Cause of Action in an amount to be proven at trial but believed to be in excess of One Million Dollars ($1,000,000.00);

(vi) pursuant to the Sixth Cause of Action a declaration that Plaintiff is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product and that Defendant does not have any right to manufacture or sell this product other than as a result of its agreement with Plaintiff.

(vii) pursuant to the Seventh Cause of Action a declaration that Plaintiff and Defendant as a joint venture is the owner of the Houblon Chouffe product and all intellectual property that is associated with this product and Defendant alone has no ownership rights to manufacturer or sell this product.

(viii) pursuant to the Eighth Cause of Action a permanent injunction enjoining Defendant from manufacturing and selling Houblon Chouffe to any entity other than Plaintiff.

(ix) pursuant to the Ninth Cause of Action a permanent injunction enjoining Defendant from terminating Plaintiff as an importer for the Products.

(x) together with interest, the costs and disbursements of this action and such other and further relief as the Court deems just and proper.

Dated: Garden City, New York
April 20, 2007

                                      Ettelman & Hochheiser, P.C.

                                      By: _____
                                          Gary Ettelman
                                    Attorneys for the Plaintiff
                                    100 Quentin Roosevelt Blvd., Suite 401
                                    Garden City, New York 11530
                                    (516) 227-6300