UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
B. UNITED INTERNATIONAL INC.,      :

      Plaintiff,                 :

    -against-                         :

BRASSERIE D'ACHOUFFE S.A.,         :

      Defendant.                 :

                                             :

------------------------------------- x

Civ. No. 07-3655

**ANSWER**

ECF CASE

      Brasserie d'Achouffe S.A. ("d'Achouffe") for its Answer to the Complaint brought by plaintiff B. United International Inc. ("B. United"), by their attorneys McDermott Will & Emery LLP, alleges as follows:

      1.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

      2.      Denies the allegations contained in Paragraph 2, except admits that d'Achouffe was and is a foreign corporation, duly organized and existing under the laws of Belgium, and has its principal place of business at Rue du Village 32, 6666 Achouffe, Belgium.

      3.      States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3, except admits that B. United is in the business of importing malt beverage products and that B. United has a general importer license issued by the State of Connecticut and refers to that license for its contents.

      4.      Admits the allegations contained in Paragraph 4.

      5.      Denies the allegations contained in Paragraph 5, except admits December 10, 1999, d'Achouffe sent a "Letter of Authority" to B. United and refers to that letter for its contents.

6. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6.

7. Denies the allegations contained in Paragraph 7.

8. Denies the allegations contained in Paragraph 8.

9. Denies the allegations contained in Paragraph 9.

10. Denies the allegations contained in Paragraph 10, except states that Benjamin Neidhart was involved in designing the labels for Houblon Chouffe.

11. Denies the allegations contained in Paragraph 11, except admits that Houblon Chouffe was first sold in the United States in March 2006.

12. Denies the allegations contained in Paragraph 12, except states that Benjamin Neidhart was involved in redesigning labels for La Chouffe, Mc Chouffe and Chouffe N'Ice and that the redesigned labels first appeared on bottles of La Chouffe, Mc Chouffe and Chouffe N'Ice in the fall of 2006.

13. Admits the allegations contained in Paragraph 13.

14. Denies the allegations contained in Paragraph 14, except admits that, on or about March 7, 2007, d'Achouffe sent B. United a notice of termination and refers to that notice for its contents.

### FIRST CAUSE OF ACTION
(Violation of Connecticut Franchise Act –
Connecticut General Statutes § 42-133e through g)

15. With respect to the allegations contained in Paragraph 15 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 14 hereof with the same force and effect as if set forth herein.

16. States that Paragraph 16 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 16.

17. States that Paragraph 17 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 17.

18. States that Paragraph 18 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 18.

## SECOND CAUSE OF ACTION
### (Violation of Connecticut Unfair Trade Practices Act – Connecticut General Statute 42-110g)

19. With respect to the allegations contained in Paragraph 19 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 18 hereof with the same force and effect as if set forth herein.

20. States that Paragraph 20 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 20.

21. States that Paragraph 21 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 21.

### THIRD CAUSE OF ACTION
### (Promissory Estoppel)

22. With respect to the allegations contained in Paragraph 22 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 21 hereof with the same force and effect as if set forth herein.

23. Denies the allegations contained in Paragraph 23.

24. Denies the allegations contained in Paragraph 24.

25. States that Paragraph 25 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 25.

26. States that Paragraph 26 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 26.

27. States that Paragraph 27 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 27.

28. States that Paragraph 28 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 28.

### FOURTH CAUSE OF ACTION
### (Unfair competition/Conversion of Intellectual Property and Good Will)

29. With respect to the allegations contained in Paragraph 29 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 28 hereof with the same force and effect as if set forth herein.

30. Denies the allegations contained in Paragraph 30, except admits that the sales volumes in the United States for La Chouffe, Mc. Chouffe and Chouffe N'Ice are higher today than they were ten years ago.

31. Denies the allegations contained in Paragraph 31.

32. States that Paragraph 32 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 32.

33. States that Paragraph 33 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 33.

34. States that Paragraph 34 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 34.

35. States that Paragraph 35 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 35.

36. States that Paragraph 36 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 36.

37. States that Paragraph 37 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 37.

38. States that Paragraph 38 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 38.

39. States that Paragraph 39 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 39.

### FIFTH CAUSE OF ACTION
### (Breach of the Covenant of Good Faith and Fair Dealing)

40. With respect to the allegations contained in Paragraph 40 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 39 hereof with the same force and effect as if set forth herein.

41. States that Paragraph 41 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 41.

42. States that Paragraph 42 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 42.

### SIXTH CAUSE OF ACTION
### (Declaratory Relief)

43. With respect to the allegations contained in Paragraph 43 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 42 hereof with the same force and effect as if set forth herein.

44. Denies the allegations contained in Paragraph 44.

45. States that Paragraph 45 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 45.

46. States that Paragraph 46 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 46.

47. States that it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47.

48. States that Paragraph 48 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 48.

49. States that Paragraph 49 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 49.

### SEVENTH CAUSE OF ACTION
### (Declaratory Relief)

50. With respect to the allegations contained in Paragraph 50 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 49 hereof with the same force and effect as if set forth herein.

51. States that Paragraph 51 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 51.

52. States that Paragraph 52 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 52.

53. States that Paragraph 53 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 53, except admits that d'Achouffe manufactures Houblon Chouffe.

54. States that Paragraph 54 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 54.

55. Denies the allegations contained in Paragraph 55, except admits that d'Achouffe has sold its right to manufacture and distribute Houblon Chouffe to Duvel Moortgat NV.

56. States that Paragraph 56 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 56.

57. States that Paragraph 57 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 57.

58. States that Paragraph 58 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 58.

## EIGHTH CAUSE OF ACTION
### (Permanent Injunction)

59. With respect to the allegations contained in Paragraph 59 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 58 hereof with the same force and effect as if set forth herein.

60. States that Paragraph 60 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 60.

61. States that Paragraph 61 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 61.

62. States that Paragraph 62 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 62.

## NINTH CAUSE OF ACTION
### (Permanent Injunction)

63. With respect to the allegations contained in Paragraph 63 of the complaint, repeats and realleges the allegations contained in Paragraphs 1 through 62 hereof with the same force and effect as if set forth herein.

64. States that Paragraph 64 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 64.

65. States that Paragraph 65 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 65.

66. States that Paragraph 66 contains legal conclusions to which no response is required and that, to the extent a response is required, denies the allegations contained in Paragraph 66.

## AFFIRMATIVE DEFENSES

67. Plaintiff's claims are barred, in whole or in part, on the grounds that they fail to state a cause of action on which relief can be granted.

68. Plaintiff's claims are barred, in whole or in part, by the Statute of Frauds.

69. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

70. Plaintiff's claims are barred, in whole or in part, on the grounds that, to the extent that B. United is determined to be a "franchisee" entitled to protection under the Connecticut Franchise Act or any other applicable law, B. United was terminated for good cause.

Dated: May 10, 2007

Respectfully submitted,

By: _____
Andrew B. Kratenstein (AK-3910)
McDERMOTT WILL & EMERY LLP
340 Madison Avenue
New York, New York 10017
Telephone: (212) 547-5400

Of counsel:
Marc E. Sorini
McDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005

*Attorneys for Brasserie d'Achouffe S.A.*